# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| CLARENCE E. AVILA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 09-CV-656-TLW |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Clarence Avila seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §416(i) & 423, and 42 U.S.C. §1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. [Dkt. # 10].

## Introduction

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C.§ 423 (d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996); Castellano v. Secretary of Health & Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). The Court is to consider whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence in disability cases," but the Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

**Background**

Plaintiff was born on February 21, 1959, and was 48 years old on the date of the hearing before the ALJ. [R. 31]. He completed the eighth grade, with special education classes in reading. Id. He has been married for 23 years, but separated from his wife for the past 10 years. [R. 339]. Plaintiff has not worked since 1991. From 1976 to 1991, plaintiff was a tractor trailer truck driver.

2

[R. 43, 339]. In 1990, plaintiff fell out of a truck and injured his back. He was on social security disability benefits after the fall until 1998, when the benefits were terminated. [R. 165, 397]. He reports being depressed since he lost his disability. [R. 397]. In his current application for benefits plaintiff claims a disability onset date of December 1, 1997. He alleges mental impairments, including, depression, anxiety, and panic attacks. [R. 34]. He avoids being around people, has anger management issues, and insomnia. [R. 35-36]. Plaintiff has a history of alcohol, methamphetamine, and marijuana abuse; nicotine dependence; and prior arrests for possession of drug paraphernalia. [R. 397, 404, 406-407]. Plaintiff testified that he attends counseling every month. On September 9, 2005, plaintiff voluntarily admitted himself into Griffin Memorial Hospital for psychiatric assessment and drug rehabilitation. [R. 397, 407]. He contends he has considered suicide 2 or 3 times. At the time of his application, plaintiff lived with his mother, Rosemary Avila, and his girlfriend, Nancy Gilstrap. Plaintiff's girlfriend supported him. [R. 339]. During his treatment at Griffin, plaintiff's girlfriend murdered his mother. [R. 400, 405, 452].

Plaintiff currently resides with his sister and brother-in-law. Plaintiff contends his depression is a result of injuries to his back and neck in 1990 when he fell out of a truck. Plaintiff claims he manages his back pain by lying down 7 to 8 hours a day, but he is up and down all day. He spends most of his time watching television. He claims the heaviest object he can lift is a gallon of milk. [R. 39]. He claims it is difficult to tie his shoes, but otherwise he can care for himself. [R. 40]. He denies that he is able to do household chores or cook. He takes Xanax every morning for anxiety and panic attacks. Plaintiff alleges that he is unable to work because of depression, anxiety, panic attacks, back and neck pain. [R. 75, 103].

In assessing plaintiff's qualification for disability benefits, the ALJ found that plaintiff has not

engaged in substantial gainful activity since December 1, 1997. His severe impairments are depression, anxiety, and cervical spine impairment. The ALJ relied on evidence indicating that in 1998 plaintiff complained of increased pain in his back and neck, but that reports in 1998 and 2002 showed a normal lumbar spine. In 2004, his lumbar spine had some mild degenerative spurring, but no acute abnormalities. On July 31, 2005, plaintiff was treated for back pain and diagnosed with "cervical strain." [R. 21]. A consultative physical examination on March 2, 2005 revealed overall normal range of motion and good motor strength, normal gait, normal manipulative abilities and normal grip strength. Id. The ALJ also relied on a March 26, 2005 consultative psychiatric evaluation conducted by Amal Chakraburtty, M.D. Dr. Chakraburtty diagnosed plaintiff with panic disorder without agoraphobia, mood disorder secondary to general medical condition history of substance abuse, and personality disorder with dependent and antisocial features. Id. The ALJ reviewed plaintiff's mental health records, noting plaintiff's self admission to Griffin Memorial Hospital in September 2005, where he was diagnosed with depressive disorder, polysubstance abuse in partial remission, and antisocial personality. He cited the September 2005 records from Red Rock Behavioral Health Service where plaintiff was initially diagnosed with a schizoaffective disorder, panic disorder without agoraphobia, and grief over the death of his mother. Later, he was diagnosed with bipolar disorder, depression with psychotic features, and anxiety. Most recently, plaintiff received regular counseling from Mark Rothegber, M.D. a psychiatrist with the Northwest Center for Behavioral Health. Dr. Rothegber diagnosed plaintiff with major depression disorder and prescribed Xanax and Amitriptyline. As his treating psychiatrist, Dr. Rothegber opined that plaintiff has only slight restriction in activities of daily living, slight difficulties maintaining social functioning, seldom deficiencies of concentration, persistence or pace, and one or two episodes of decompensation. [R.

22, 471].

The ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments and that plaintiff is unable to perform his past work as a tractor trailer driver, but that plaintiff retains the residual functional capacity ("RFC') to perform a wide range of sedentary work, restricted by his ability to understand, remember, and carry out detailed job instructions limited to simple 1-2 step, repetitive type tasks. [R. 19-22]. The ALJ consulted Dr. Donald Bonner, a psychologist with a speciality in vocational work and concluded that plaintiff was not disabled within the meaning of the SSA. [R. 42]. Based on Dr. Bonner's testimony, the ALJ found that he could perform sedentary work such as a plastic design applier and button reclaimer and that these positions existed in significant numbers in the regional and national economy. [R. 23]. This finding was the fifth in the five step inquiry outlined in Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).[1]

## Discussion

Plaintiff raises a single issue on appeal. Whether the ALJ erred in failing to consider the unsworn written statements of two third parties: plaintiff's girlfriend Nancy Gilstrap (a statement dated February 9, 2005) [R. 86], and his deceased mother Rosemary Avila (a statement dated October 30, 2004) [R. 68]. Plaintiff relies on 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4) as being "other sources." This regulation provides:

---

[1] The five-step sequence provides that the claimant (1) is not gainfully employed, (2) has a severe impairment, (3) has an impairment which meets or equals an impairment presumed by the Secretary to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations, (4) has an impairment which prevents her from engaging in her past employment, and (5) has an impairment which prevents her from engaging in any other work, considering her age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) citing Williams v. Bowen, 844 F.2d at 750-52.

> (d) *Other sources*. In addition to evidence from the acceptable medical sources listed in paragraphs (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to –
>
> . . . .
>
> (4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4).

Mrs. Avila's statement asserts that her son is "in very poor medical condition from past and present illnesses and has no way to provide support for himself due to these circumstances." [Dkt. # 14 at 2, R. 68]. The statement indicates that her son is in need of medical attention for his impairments, that he has no money to pay for medical care, that he was approved for disability benefits in 1993, and that his condition has deteriorated since that time. Id. Ms. Gilstrap's statement appears on an agency Functional Report Form. [R. 86-94]. The statement indicates that plaintiff spends his time watching television, visiting with his mother and her, and listening to her read to him, because he is illiterate. The statement indicates that plaintiff no longer participates in his previous hobbies and activities (hunting, fishing, biking, and motorcycling), that he neglects his hygiene, and that he is unable to get uninterrupted sleep due to his pain and depression. Ms. Gilstrap also stated that plaintiff's ability to shop, perform household chores, cook, and socialize are limited by his pain and depression. [Dkt. # 14 at 3, R. 86-94]. Plaintiff contends that these statements "must be considered," because they were prepared by a first hand witnesses to his daily activities. [Dkt. # 14 at 3].

As authority, plaintiff relies on a Ninth Circuit case, Bruce v. Astrue, 557 F.3d 1113 (9th Cir.

2009).  In Bruce, plaintiff challenged the ALJ's failure to evaluate the sworn testimony that his wife Cindy Bruce gave during the administrative hearing before to the ALJ.  In upholding plaintiff's challenge, the Ninth Circuit held as follows:

> In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006); see also 20 C.F.R. §§ 404.1513(d)(4), (e).  Such testimony is competent evidence and '*cannot* be disregarded without comment.'  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons 'that are germane to each witness.'  Id.  Further, the reasons 'germane to each witness' must be specific.  Stout, 454 F.3d at 1054 (explaining that 'the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony').

Id. at 1115 (emphasis in text).

Before analyzing plaintiff's argument, the Court notes that plaintiff has not challenged any of the ALJ's findings.  Rather, plaintiff raises a single legal issue:  whether the ALJ erred in failing to comment on the written statements prepared by plaintiff's mother and his girlfriend in connection with the ALJ's evaluation of the severity of plaintiff's impairments and the way in which those impairments affect (if at all) his ability to work.

As to plaintiff's argument, plaintiff's reliance on authority from the Ninth Circuit is misplaced, because the Tenth Circuit has applied 20 C.F.R. §§ 404.1513(d)(4) and 416.913 differently.  In Bruce, the Ninth Circuit construed the language in parts 404.1513(d)(4) and 416.913 as mandatory, "[s]uch testimony is competent evidence and '*cannot* be disregarded without comment.'"[2] 557 F.3d at 1115.  The Tenth Circuit, on the other hand, has found that as to written descriptions furnished by friends and family members who do not testify before the ALJ, if the

---

[2] The express language found in the regulations is not mandatory, "we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work."  20 C.F.R. §§ 404.1513(d)(4) and 416.913.  Id.  (emphasis added).

7

evidence provided is "largely cumulative," and if the ALJ indicates in his written decision that he has "considered all of the evidence" in the record, it is "our general practice . . . to take a lower tribunal at its word when it declares that it has considered a matter." Brescia v. Astrue, 287 Fed.Appx. 626, 630 (10th Cir. 2008) (unpublished)[3] (citing Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005)). Thus, the Tenth Circuit held that under the facts presented, the ALJ's failure to comment on the third party written descriptions was not grounds for remand.[4] Id. Those same circumstances are presented here.

As in Brescia, the written descriptions prepared by plaintiff's former girl friend [R. 86-94] and his deceased mother [R. 68] are cumulative of other evidence, specifically, the written statements signed by plaintiff [R. 75-76] and plaintiff's testimony at the hearing. [R. 30-42]. Moreover, the Functional Report - Third Party is in the first person, but it is plaintiff's statement simply scripted by Ms. Gilstrap. [R. 77-84]. Plaintiff's own statement is almost identical in content to the Functional Report -Third Party. As to plaintiff's mother, her statement indicates that her son had been on disability benefits, that his condition had deteriorated since that time, and that he had no means of supporting himself due to his past and present illnesses. To the extent that these statements are not wholly conclusory, they are cumulative of a Pain Questionaire completed by plaintiff, wherein he stated that pain, panic attacks and depression had limited his activities for 14 years. [R. 75]. In addition, plaintiff testified that he had been supported by his girlfriend until she shot his mother, that

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[4] The Tenth Circuit also rejected a rule requiring an ALJ to make specific written findings concerning each witness's credibility. See Brescia, 287 Fed.Appx. at 630 (citing Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996)).

he then moved in with his sister, again, indicating that he has no means to support himself. [R. 34].

The ALJ's credibility findings further establish that the third party statements are cumulative. The ALJ found that plaintiff's mental and physical impairments could reasonably produce some of his symptoms, but that his statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Plaintiff does not challenge the ALJ's findings as to credibility, even though plaintiff's testimony as to the severity of his symptoms matches the statements of his mother and girlfriend. The ALJ supported his credibility finding by reviewing the objective medical evidence to show that plaintiff's allegation of disabling pain in his back, neck, and shoulder was not substantiated by radiology reports and other clinical tests. Plaintiff, his girlfriend, and mother all stated that the origin of his depression was the injury to his back and the termination of his social security benefits.

The ALJ prefaced his findings by stating that he had carefully considered the entire record. [R. 18]. Plaintiff has failed to show the Court why that statement should not be taken at face value. The fact that plaintiff informed the ALJ that his girlfriend murdered his mother, although not a basis for the undersigned's decision here, also raises the issue of whether the ALJ could properly consider Ms. Gilstrap credible, much less a "friend" or "caregiver" as that term is used within the meaning of 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4), which lists "other sources" to include "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy." Id. Under the circumstances of this case, the Court finds that the ALJ did not commit legal error in failing to comment on the written descriptions prepared by plaintiff's deceased mother and his former girlfriend. Plaintiff raises no other issue on appeal.

## **Conclusion**

The Court AFFIRMS the decision of the Commissioner denying disability benefits to plaintiff.

SO ORDERED this 7th day of March, 2011.

_____
T. Lane Wilson
United States Magistrate Judge